IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UMAR CLARK,             ) | |
|                          ) | |
|   Plaintiff,     ) | |
|                          ) | |
| v.                       ) | CASE NO. 3:21-CV-187-ECM-KFP |
|                          ) | |
| CARVANA and BRIDGECREST, ) | |
|                          ) | |
|   Defendants.   ) | |

## ORDER

Plaintiff has filed four lawsuits in this Court against various defendants who tried collecting money Plaintiff allegedly owed them. In this lawsuit, he contends Carvana and Bridgecrest violated the Fair Debt Collection Practices Act (FDCPA) and the Truth in Lending Act (TILA). *See* Doc. 1. Upon review of the Complaint, Plaintiff is ORDERED to file an amended complaint, as set forth below:

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a plaintiff must present "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 (noting that, although a court must accept all factual allegations in a complaint as true at the motion to dismiss stage, it need not "accept as true a legal conclusion couched as a factual allegation")).

When considering a pro se litigant's allegations, a court holds him to a more lenient standard than those of an attorney. *Barnett v. Lightner*, No. 13-CV-482, 2014 WL 3428857, at *2 (S.D. Ala. July 15, 2014) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, a court also cannot rewrite a pro se litigant's deficient pleading to sustain an action. *Id.* (quoting *GJR Invs. Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (relying on *Iqbal,* 556 U.S. 662)). The court treats factual allegations as true, but it does not treat conclusory assertions or a recitation of a cause of action's elements as true. *Id.* (citing *Iqbal*, 556 U.S. at 681). Moreover, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Id.* (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

Plaintiff's Complaint has several deficiencies. First, it is not clear whether the named Defendants are two entities or one. Plaintiff lists them separately in the case caption, but the body of the Complaint states, "Carvana/Bridgecrest is an entity who at all relevant

2

times . . . ." Doc. 1 at 2. The Complaint contains no information about the location of Carvana or Bridgecrest; the civil cover sheet lists Carvana as the only Defendant and shows that it is located in Maricopa County; and the attachments to the Complaint show addresses for Carvana in Georgia and Arizona. Therefore, it is not clear which entity or entities Plaintiff intends to sue and where those entities are located.[1]

Second, venue is proper in the judicial district where any defendant resides, where a substantial part of the acts or omissions giving rise to the claim occurred, or where property made the basis of the action is located. 28 U.S.C. § 1391(b)(1)–(2). Plaintiff alleges that venue is proper because "the acts and transactions giving rise to Plaintiff's actions occurred in this district, where plaintiff resides in this district, and/or where Defendant transacts business in this district." As mentioned above, Plaintiff has provided insufficient information about the identity and location of Defendant(s), and, due to the lack of specificity in describing Defendant's alleged conduct, as discussed below, it is not apparent that any alleged acts or omissions occurred within this district. Because there is no property at issue, if a defendant does not reside in this district or if it did not commit an act or omission in this district, venue is improper.

Third, the Complaint fails to satisfy Rule 8(a)(2) or Rule 10(b) described above. It is a "shotgun" pleading, which the Eleventh Circuit has described as follows:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where **each count adopts the allegations of all preceding counts, causing each successive**

---

[1] The Complaint also states that the "Defendant" may be served "in any district in which it may be found," but it is not the Court's duty to determine who is being sued and where to serve them.

3

**count to carry all that came before and the last count to be a combination of the entire complaint**. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being **replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action**. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. **Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.** The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (emphasis added).

Plaintiff's Complaint meets the first, second, and fourth criteria above. In each count, he "repeats and re-alleges each and every allegation" above, causing the first count to carry all that came before it and the last count to be a combination of the entire complaint. The "Factual Allegations" in the Complaint consist primarily of conclusory statements that appear to be taken directly from statutory language with very little factual development. For instance, Plaintiff claims "Defendant(s)" are an "entity" in the business of attempting to collect a debt as a "debt collector," as defined by 15 U.S.C. § 1692a(5),[2] but there are no allegations in the Complaint suggesting that Defendants are anything but original

---

[2] It appears that Plaintiff intended to cite 15 U.S.C. § 1692a(6), which defines "debt collector" as a person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due <u>another</u>. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." (Emphasis added.)

creditors trying to collect the debt Plaintiff owed. Further, although it appears Plaintiff is attempting to sue two separate defendants, the Complaint does not identify the *specific* acts or omissions allegedly committed by *each* Defendant.

Finally, the Complaint contains vague or inapplicable statutory citations. In "Count I – FDCPA," after "repeat[ing] and re-alleg[ing] each and every allegation" above, Plaintiff simply states that the conduct violated the FDCPA, without identifying the specific provisions—out of the hundreds of provisions in the FDCPA—on which his claims are based. In "Count II – TILA," after "repeat[ing] and re-alleg[ing] each and every allegation" above, he contends Defendant "knowingly and willfully withholding information from a consumer in a consumer credit transaction" in violation of 15 U.S.C. § 1611, which imposes criminal liability, and took "cash in a consumer credit transaction in which a finance charge was involved" in violation of 15 U.S.C. § 1605, which describes how a "finance charge" is defined. Doc. 1 at 4. This case cannot proceed on a Complaint that consists primarily of conclusory statements and quoted statutory language and that fails to adequately articulate the laws and legal theories on which Plaintiff's claims are *factually* based.

For these reasons, the Court finds that Plaintiff must file an amended complaint before this lawsuit can proceed. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (holding that prior to "dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies'") (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)); *Davis v. Main St. Fam. Pharmacy, LLC*, No. 5:16CV45-MW/GRJ, 2016 WL

9185284, at *1 (N.D. Fla. Apr. 18, 2016) (finding that rather than granting a motion to dismiss, "the better course is to require a more definite statement . . . to cure the deficiencies that make it a 'shotgun' pleading"). An amended complaint, "if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading. Moreover, with the shotgun pleading out of the way, the trial judge will be relieved of 'the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses.'" *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366–67 (11th Cir. 1996) (quoting *Fullman v. Graddick,* 739 F.2d 553, 557 (11th Cir. 1984)).

Accordingly, it is ORDERED that by **May 17, 2021**, Plaintiff must file an amended complaint that cures the deficiencies identified above and fully complies with this Order and the Federal Rules of Civil Procedure. **If the amended complaint fails to comply with this Order and the Federal Rules of Civil Procedure, the Magistrate Judge will recommend that the case be dismissed without prejudice.**

Done this 3rd day of May, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE