IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UMAR CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:21-cv-187-ECM |
| ) | |
| CARVANA and BRIDGECREST, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Now pending before the Court is the Plaintiff's motion to seal the complaint in this case (doc. 9). There is a presumption of public access to judicial documents. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013); *Warren v. S&S Property Mgmt, Inc.* 2020 WL 5223750, *7 (N.D. Ga. June 3, 2020). "What transpires in the court room is public property." *Craig v. Harney*, 331 U.S. 367, 374 (1947). "Beyond establishing a general presumption that . . . civil actions should be conducted publicly, the common-law right of access includes the right to inspect and copy public records and documents." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001).

Because the right of public access is not absolute, the Court balances the public's right to access against the interests of the Plaintiff in non-disclosure. *See generally, Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598–99 (1978). In his motion, the Plaintiff requests that the complaint be sealed because "I fear for my safety and the privacy of my family." (Doc. 9). According to the Plaintiff, individuals have been using

the PACER account to find his location information, and that communications from these individuals are causing him "severe anxiety and emotional distress." (*Id*.). Beyond this generalized statement, the Plaintiff does not identify the specific information in the complaint that is sensitive or confidential, and the Court is unable to ascertain any such information contained therein.

Moreover, the Plaintiff's vague assertion that he fears for his safety and that of his family is not specific enough to warrant wholesale sealing of the complaint at this juncture. Without more, the Court finds that the balance weighs in favor of public access.

Accordingly, it is

ORDERED that the motion to seal (doc. 9) is DENIED without prejudice with leave to refile within fourteen (14) days of the date of this Order. If the Plaintiff refiles his motion, he should identify the information he seeks to have sealed or redacted and he should set forth specific reasons why sealing or redacting is necessary in this case.

Done this 25th day of August, 2021.

       /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE